```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


TRIM FIT, LLC,                      )
                                    )
              Plaintiff,            )
                                    )
         vs.                        )      No. 4:06-CV-0049 CEJ
                                    )
DONALD O. DICKEY,                   )
KATHLEEN A. DICKEY,                 )
FASTFIT STRUCTURAL PRODUCTS,        )
LLC, and                            )
GATOR JOIST, LLC,                   )
                                    )
              Defendants.           )
```

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants Fastfit Structural Products, LLC and Gator Joist, LLC, to dismiss. The plaintiff has responded, and the issues are fully briefed.

Plaintiff, a Missouri corporation, named four defendants and asserted four causes of action in its complaint.[1] At the root of the plaintiff's complaint is an agreement[2] between plaintiff and defendant Donald Dickey, "whereby the parties agreed to the retention of Defendant Donald Dickey by Plaintiff as an independent contractor ("Contractor") for the purpose of selling I-blocks and

---

[1] Plaintiff claims tortious interference with a business expectancy, unfair competition, civil conspiracy, and misappropriation of trade secrets, and seeks an accounting and injunctive relief.

[2] Plaintiff refers to the Independent Contractor Agreement as Exhibit A, but it was not provided to the court with either the original or amended complaint. However, for the purposes of this motion, it is unnecessary to consider the contents of the agreement.

floor truss webs to truss manufacturers within a territory consisting of the entire United States." Amended Compl. at ¶ 7. Plaintiff alleges that Donald Dickey breached the non-compete clauses in this agreement by diverting customers towards competitor Fastfit Structural Products, LLC ("Fastfit"), an Arkansas company in which Dickey had an ownership interest. The plaintiff alleges that Donald Dickey also had an ownership interest in Gator Joist, LLC ("Gator Joist"), a customer of plaintiff's.[3] Defendants Gator Joist and Fastfit were not parties to the agreement between plaintiff and Donald Dickey.

Defendants Fastfit and Gator Joist move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Defendants' motion is directed towards plaintiff's original complaint, although the plaintiff contemporaneously filed an amended complaint with its memorandum in opposition to the motion to dismiss. Plaintiff's motion for leave to file the amended complaint is addressed in a separate Order. However, in the interest of judicial economy, the Court will consider any elements of the amended complaint that have a bearing on the issues raised in defendants' motion to dismiss.

**Personal Jurisdiction**

---

[3] Plaintiff also named Donald Dickey's wife, Kathleen, as a defendant, apparently based on her ownership interest in the corporations.

"Once a defendant has challenged a federal court's jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists." Burlington Indus., Inc. v. Maples Indus. Inc., 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990)). To survive a motion to dismiss for lack of personal jurisdiction, however, "the plaintiff need only make a *prima facie* showing of personal jurisdiction over the defendant." Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). To determine whether the plaintiff has made such a showing, "the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." Id. When a district court's jurisdiction over a defendant is challenged, "the court may inquire, by affidavits or otherwise, into the facts as they exist." Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) (quoting Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).

In diversity cases, a federal district court must apply the law of the forum state to determine whether personal jurisdiction may be asserted over a party. See Fed. R. Civ. P. 4(e); Lakota Girl Scout Council, Inc., v. Havey Fundraising Management, Inc., 519 F.2d 634, 637 (8th Cir. 1975). Two prerequisites must be met to establish personal jurisdiction over a nonresident defendant. The forum state's long-arm statute must be satisfied and the due process clause must not be violated. St. Jude Medical, Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 591 (8th Cir. 2001). Missouri

has construed its long-arm statute[4] to confer jurisdiction to the fullest extent permitted by the United States Constitution. See FDIC v. Malmo, 939 F.2d 535, 537 (8th Cir. 1991); State ex rel. Newport v. Wiesman, 627 S.W.2d 874, 876 (Mo. 1982). Because the Missouri long-arm statute confers jurisdiction to the limits of due process, the only question is whether the exercise of personal jurisdiction over Fastfit and Gator Joist violates due process. See Lakin v. Prudential Securities, Inc., 348 F.3d 704, 707-08 (8th Cir. 2003); Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002).

Due process requires that there be sufficient "minimum contacts" between the nonresident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp., 444 U.S. at 297. In assessing the defendants' reasonable anticipation, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege

---

[4] Missouri's long-arm statute, § 506.500, Mo.Rev.Stat., grants personal jurisdiction over individuals or corporations that commit one of the following acts within Missouri: (1) transact business, (2) make a contract, (3) commit a tortious act, (4) own, use or possess real estate, (5) contract to insure any person, property or risk located in Missouri, or (6) engage in sexual intercourse in the state with the mother of a child on or near the probable time of that child's conception.

of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another or a third person.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." Id. Determining whether a "substantial connection" has been met requires the analysis of five factors:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

Land-O-Nod Co. v. Bassett Furniture Indus., Inc., 708 F.2d 1338, 1340 (8th Cir. 1983). "The first three factors are of primary importance, and the last two are 'secondary factors.'" Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 226 (8th Cir. 1987).

**Discussion**

Defendants Fastfit and Gator Joist state, without opposition, that they are separate corporations, incorporated in the state of Arkansas, and have principal places of business in Fort Smith, Arkansas. Neither corporation is registered to do business in Missouri, nor does either have any physical presence in Missouri.

Gator Joist manufactures and sells joists to building material distributors, and has a single customer in Missouri. Sales to that company are unrelated to Trim Fit's suit against Gator Joist. Fastfit sells products to Gator Joist only, and has never sold any products to any person or business in Missouri.

The only facts relevant to jurisdiction alleged by the plaintiff are as follows: 1) Defendants Donald and Kathleen Dickey have, at all relevant times, done business as Fastfit Structural Products, LLC, which is an Arkansas limited liability company; 2) Defendants Dickey own a substantial part of Gator Joist; 3) the agreement between defendant Donald Dickey and the plaintiff was negotiated and entered into in Missouri; 4) Gator Joist purchased products from plaintiff which were shipped from Missouri; 5) samples and results of structural testing were sent to defendant Dickey from Missouri.

The foregoing facts attribute only a single act with a connection to Missouri to defendant Gator Joist. Gator Joist purchased equipment from plaintiff, which was shipped from plaintiff's plant in Missouri. Plaintiff does not allege that Gator Joist initiated that contact, or that the contract for sale was negotiated in Missouri. There is no showing that Gator Joist purposefully availed itself of Missouri laws so as to create minimum contacts in the state.

Plaintiff compares its situation to that described in Insituform Technologies, Inc. v. Reynolds, Inc., 398 F. Supp. 2d 1058 (E.D. Mo. 2005), where the court asserted personal

jurisdiction over a non-resident who had induced a Missouri resident to breach an employment and non-compete contract with a Missouri company. The court stated that "[a]s a general matter, the commission of extraterritorial tortious conduct having consequences in Missouri is alone insufficient to satisfy due process," but held that because the defendant made phone calls to the Missouri resident during the course of negotiating the job offer, the defendant could have reasonably expected to be haled into court in Missouri. Id. at 1066. Plaintiff argues that its situation is the same, but overlooks the fact that in Insituform, defendant's calls to Missouri were part of the commission of the tort. Here, Gator Joist's purchase of plaintiff's products was independent of the alleged torts.[5]

Although the harm to plaintiff's business might have been felt in Missouri, that effect does not create minimum contacts. See Keystone Publishers Service, Inc. v. Ross, 747 F.2d 1233, 1234 (8th Cir. 1984) (finding insufficient contacts with Iowa where "[t]he

---

[5] In discussing the parallels between Insituform and the case at bar, plaintiff states that the defendants
> should have expected that when they induced plaintiff's sales representative to work for defendants and to deliver to them trade secrets which they could appropriate to take away plaintiff's customers and misrepresent defendant's products and testing results as that of plaintiff, defendants could have to defend themselves in the place of plaintiff's business and where the contract was entered.

Mem. in Opp. at 7. Plaintiff's complaint contains no such allegations, and the Court will disregard these actions as possible minimum contacts.

only contacts alleged by [plaintiff] are interferences with renewal contracts *outside* the State of Iowa causing damages to plaintiff *in* Iowa." (emphasis supplied)). Plaintiff does not allege that any of the customers or prospective business relationships were located in Missouri, and because the defendants only do business in Arkansas, the torts presumably occurred there.

The Court is unable to identify, either in the plaintiff's complaints or its memorandum in opposition, a showing of any contacts between defendant Fastfit and the forum state. Rather, plaintiff relies on the relationship between defendant Donald Dickey and both corporate defendants to imply that Dickey's actions can be imputed to both of the corporate defendants. For example, plaintiff argues that "Don Dickey obtained samples of Plaintiff's I-blocks from Plaintiff's place of business and copies of independent test results for those I-blocks so that defendants could copy the design to enable Fastfit Structural Products to sell a competing product and divert business, including that of Gator Joist." Mem. in Opp. at 6. Although the plaintiff maintains that it has "extensively cited the contractual relationship by and between the Dickeys and the Plaintiff, and as agents and co-conspirators with Gator Joist and Fastfit," the Court finds that no such showing has been made. Plaintiff repeatedly asserts that the Dickeys were acting as agents of Fastfit and Gator Joist, but the only fact cited for this statement is the Dickeys' ownership interest in the corporations. "Ordinarily, a corporation is regarded as a separate entity, distinct from the members who

compose it." Morgan v. Ackerman, 964 S.W.2d 865, 869 (Mo. App. 1998). Additionally,

> [a] corporation is ordinarily an entity, separate and apart from its stockholders, and the mere ownership of all the stock of one corporation by another, and the identity of officers of one with officers of another, are not alone sufficient to create identity of corporate interest between the two companies or to create the relation of principal and agent or to create a representative or fiduciary relationship between the two.

Blackwell Printing Co. v. Blackwell-Wielandy Co., 440 S.W.2d 433, 437 (Mo. 1969) (citation omitted).

Plaintiff has not alleged any of the elements of an agency relationship, nor does it discuss whether the Dickeys were acting within the scope of that relationship when they performed the allegedly tortious acts. "Although a court may exercise personal jurisdiction over a defendant through the acts of his agent, a party who relies on the authority of an agent has the burden of proof regarding both the fact of the agency relationship and the scope of the agent's authority." Romack USA v. Rich, 384 F.3d 979, 985 (8th Cir. 2004) citing Karr-Bick Kitchens & Bath, Inc. v. Gemini Coatings, Inc., 932 S.W.2d 877, 879 (Mo. App. 1996). "We also note that express authority and apparent authority arise from the acts of the principal, not the alleged agent." Id., citing United Missouri Bank v. Beard, 877 S.W.2d 237, 240-41 (Mo. App. 1994).

Plaintiff has not articulated a prima facie case for asserting personal jurisdiction over the defendants Fastfit and Gator Joist based on their contacts with Missouri. Plaintiff has likewise

failed to plead and demonstrate a relationship between defendant Donald Dickey and the corporations Fastfit and Gator Joist such that Dickey's actions could be imputed to the corporations. Accordingly,

**IT IS HEREBY ORDERED** that the motion [#17] of defendants Fastfit Structural Products and Gator Joist to dismiss the complaint against them is **granted** and that this action is **dismissed** as to these defendants for lack of personal jurisdiction.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2006.