UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRIM FIT, LLC, et al.,      )
                            )
        Plaintiffs,         )
                            )
    vs.                     )    No. 4:06-CV-00049 CEJ
                            )
DONALD O. DICKEY,           )
                            )
        Defendant.          )

------------------------------------------------------------------

JOSEPH E. VOSS,             )
                            )
        Plaintiff,          )
                            )
    vs.                     )    No. 4:06-CV-1695 (CEJ)
                            )
DONALD O. DICKEY,           )
                            )
        Defendant.          )

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Joseph Voss for partial summary judgment. Defendant Donald Dickey has responded, and the issues are fully briefed.

**I.  Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).  Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**II.  Discussion**

On April 9, 2002, Dickey signed and delivered to Voss a promissory note in the principal sum of $75,000.  The note was to be paid in monthly installments beginning on May 1, 2002.  Voss claims that Dickey has made interest payments through February

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

2003, but has paid no part of the principal.  Voss alleges that he has made written demand for payment of all principal and interest due under the note, but Dickey has not complied with the demand.

On January 26, 2004, Dickey entered into an Independent Contractor Agreement with Trim Fit, LLC.  Trim Fit is owned by Bohemian Limited Partnership, which is in turn is owned by Voss and his wife and a management company that is 99% owned by them.  Dickey asserts that Voss discharged the promissory note as part of the consideration for Dickey's agreement to work for Trim Fit.  Thus, Dickey contends that no payment is due under the note.  Dickey also contends that the promissory note was not actually a loan.  Rather, he asserts that Voss gave him the $75,000 in connection with a contemplated investment in a business that Dickey had formed.

Based on the deposition testimony and exhibits submitted by the parties, the Court finds that a genuine issue of material fact exist as to whether the promissory note was a loan or an investment.  Contrary to the plaintiff's argument, testimony regarding the discussions between the parties to the promissory note may be admitted to establish the meaning of the document.  <u>See</u> <u>Gibson v. Harl</u>, 857 S.W.2d 260, 270 (Mo. App. 1993)(citations omitted).

In his answer to Voss's complaint, Dickey has asserted the affirmative defense of accord and satisfaction.  He argues that any obligation he had to repay the loan/investment was discharged by

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

his agreement to work for Trim Fit, the company in which Voss had an ownership interest. The Court finds that a material fact dispute exists as to whether an accord and satisfaction was created by the terms of Independent Contractor Agreement.

The presence of factual disputes precludes summary judgment on the plaintiff's claim. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment [# 64] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2007.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com