THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRIM FIT, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | Cause No. 4:06-CV-0049 (CEJ) |
| DONALD O. DICKEY, et al. ) | consolidated with 4:06CV1695 |
| ) | |
| Defendants. ) | |

**DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST ON THE VERDICT AND FOR STATUTORY PENALTY AND/OR, IN THE ALTERNATIVE, TO CONFORM THE PLEADINGS TO THE EVIDENCE**

Defendant/Counterclaim plaintiff, Donald O. Dickey ("Dickey"), requests the Court to award prejudgment interest on the verdict rendered in favor of Dickey and against plaintiff/counterclaim defendant Trim Fit, LLC ("Trim Fit") on Dickey's Counterclaim in this matter.  Dickey requests prejudgment interest on the amount of $45,514.14 at 9% per annum under Missouri's prejudgment interest statute, R.S.Mo. §408.020, commencing to run on December 31, 2005, and continuing at a rate of $11.22 per day until the commissions owed are paid.  As of this filing, the total amount of prejudgment interest due is $7,316.41.

In addition, Dickey requests the Court to assess the statutory penalty set forth in under Missouri's Sales Commission Statute, R.S.Mo. § 407.913.  Missouri's Sales Commission Statute provides that any principal who fails to timely pay commissions owed to a sales representative shall be liable to the sales representative for the actual damages – i.e. the commissions owed.  The statute further provides that the sales representative is entitled to an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment.

In this case, the jury found that Dickey is owed $45,514.14 in commissions for sales he made in 2005. Further, Trim Fit's president, Joe Voss, testified in open court that he knew Trim Fit owed Dickey these commissions and acknowledged that they had not been paid. Under Missouri's Sales Commission Statute, Dickey is entitled to an additional $45,514.14 for 2006 and $35,786.90, to date, for 2007 (the daily pro-rata amount is $124.70 and today is the 287th day of 2007).

Although Dickey had previously asked the Court to allow him to amend his pleadings to assert the claim for the penalty under Missouri's Sales Commission Statute (which the Court denied), a further review of Missouri caselaw shows that this relief need not be pleaded separately and that the statutory damages follow from a verdict on the breach of contract claim (in the same way that the prejudgment interest follows a judgment on the breach of contract claim).

In the alternative, if the Court finds that the Missouri's Sales Commission Statute claim needs to be separately pleaded, Dickey asks the Court (1) to conform the pleadings to the evidence, pursuant to Fed.R.Civ.P. 15(b); (2) to permit the Missouri's Sales Commission Statute claim; and (3) to award the statutory penalty as part of the judgment on Dickey's Counterclaim. As the Court will recall, the only "prejudice" advanced by Trim Fit in opposition to permitting this claim in the case was Trim Fit's contention that the statutory definition of "wholesale" sales was a fact issue about which Trim Fit had not had the opportunity to conduct any discovery. Missouri law makes clear, however, that the definition of "wholesale" is for the Court to determine as a matter of statutory interpretation. Further, the Missouri Court of Appeals has already defined the term and, consistent with the evidence adduced at the trial of this matter, it applies. As such, Dickey alternatively requests the Court to conform the pleadings to the

evidence in this case, to permit the Missouri's Sales Commission Statute claim and to award the statutory penalty.

Dickey further requests that the award of prejudgment interest and the statutory penalty be included as part of the judgment the Court enters on the jury's verdict.

In support hereof, Dickey incorporates his Memorandum in Support.

Respectfully submitted,

By:  /s/ Sara E. O'Keefe
    Daniel M. O'Keefe, #83006
    Sara E. O'Keefe, #498800
    BRYAN CAVE LLP
    211 North Broadway, Suite 3600
    One Metropolitan Square
    St. Louis, Missouri  63102
    Telephone:         314-259-2000
    Facsimile:          314-259-2020
    E-mail:     dmokeefe@bryancave.com
             sara.okeefe@bryancave.com

    Attorneys for Defendant,

    Donald O. Dickey

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2007, the foregoing was filed with the Clerk of Court electronically to be served by operation of the Court's electronic filing system upon the following:

    Mitchell A. Margo
    Curtis, Heinz, Garrett & O'Keefe, P.C.
    St. Louis, Missouri 63105

    Attorneys for Plaintiff.

/s/ Sara E. O'Keefe