THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRIM FIT, LLC, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) Cause No. 4:06-CV-0049 (CEJ) |
| DONALD O. DICKEY, et al. | ) consolidated with 4:06CV1695 |
| Defendants. | ) ) ) |

**DEFENDANT/COUNTERCLAIM PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PREJUDGMENT INTEREST ON THE VERDICT AND FOR STATUTORY PENALTY AND/OR, IN THE ALTERNATIVE, TO CONFORM THE PLEADINGS TO THE EVIDENCE**

At trial, Defendant/Counterclaim plaintiff Donald Dickey ("Dickey") prevailed on his counterclaim for breach of contract. The jury awarded damages to Dickey after Trim Fit's president Joseph Voss ("Voss") admitted he did not pay Dickey any of the commissions he earned for the year 2005. The evidence at trial established that Dickey was a commissioned sales representative under a contract with Trim Fit. Pursuant to that contract, Dickey was to be paid a monthly amount equal to a percentage of the company's sales. Trim Fit freely admitted it did not make the required payments to Dickey, and the jury awarded Dickey his actual damages for the breach.

**I.    Dickey Is Entitled To Prejudgment Interest Under Mo. Rev. Stat. § 408.020.**

Dickey seeks an award of prejudgment interest on the verdict rendered in favor of Dickey and against plaintiff/counterclaim defendant Trim Fit, LLC ("Trim Fit") on Dickey's counterclaim. Dickey requests prejudgment interest on the amount of $45,514.14 at 9% per annum under Missouri's prejudgment interest statute, R.S.Mo. §408.020, commencing to run on

December 31, 2005, and continuing at a rate of $11.22 per day until the commissions owed are paid. As of this filing, the total amount of prejudgment interest due is $7,316.41.

In diversity cases, prejudgment interest is a matter of substantive state law. Nodaway Valley Bank v. Continental Cas. Co., 916 F.2d 1362, 1367 (8th Cir. 1990); First Am. State Bank v. Continental Ins. Co., 897 F.2d 319, 327 (8th Cir. 1990). Under Missouri law, an award of prejudgment interest is "compelled" where the amount owed under a written contract is readily ascertainable. Slay Warehousing Co., Inc. v. Reliance Insurance Co., 489 F.2d 214, 215 (8th Cir. 1974). The Eighth Circuit has further explained:

> The district court's interpretation of Missouri law also reflects the concern that unless prejudgment interest is available, compensation will be inadequate and defendants will have an incentive to prolong litigation to take advantage of the time value of money. *See West Virginia v. United States*, 479 U.S. 305, 310-11 & n. 2, 107 S.Ct. 702, 706-07 & n. 2, 93 L.Ed.2d 639 (1987); *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 & n. 10, 103 S.Ct. 2058, 2062 & n. 10, 76 L.Ed.2d 211 (1983); *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 236-37 (7th Cir. 1990); *Gorenstein Enter., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436-37 (7th Cir. 1989); *see generally,* D. Dobbs, Handbook on the Law of Remedies § 3.5, at 165-74 (1973).

Nodaway Valley, 916 F.2d at 1367-68.

Here, the amount Dickey was owed under the Independent Contractor Agreement is readily ascertainable. As such, Dickey is entitled to an award of prejudgment interest.

**II.   Dickey Is Entitled To Statutory Damages Under Mo. Rev. Stat. 407.913**

**A.   The Statute Is Applicable To The Present Case.**

At the pre-trial conference, Trim Fit argued that Dickey should not be permitted to amend his counterclaim to assert his entitlement to the additional statutory remedies provided in Missouri's Sales Commission Statute, R.S.Mo. § 407.913.[1] Trim Fit argued that it had not done

---

[1] Although Dickey had previously sought to amend his pleadings to assert the additional remedies provided for under Missouri's Sales Commission Statute (which the Court denied), as

any discovery on the application of the statute and, therefore, would be prejudiced if the amendment were permitted. Trim Fit's premised its argument entirely on the statute's use of the term "wholesale", claiming that it would have done discovery to determine whether its sales were "wholesale" or "retail" and, most likely, would have sought to certify an expert to testify on the issue.

In fact, the legislature amended Missouri's Sales Commission Statute in 2005, presumably to broaden its application. The statute as it existed at the time the suit was filed—with the 2005 amendments—is the proper version applicable to the present case. It eliminates the term "wholesale" from the statute. Nevertheless, either version of the statute supports its application to the relationship between Trim Fit and Dickey.

1.      **The Statute After The 2005 Amendment**

Dickey was employed by Trim Fit as a commissioned sales representative. Under Missouri's Sales Commission Statute, R.S.Mo. § 407.913 (2006), any principal who fails to timely pay commissions owed to a sales representative shall be liable to the sales representative for the actual damages—i.e. the commissions owed—and an additional amount as if the sales representative were still earning commissions calculated on an annualized pro rata basis from the date of termination to the date of payment. The evidence at trial established that Dickey was a commissioned sales representative to whom the statute applied.

The statute defines principal as: "a person, firm, corporation, partnership or other business entity, whether or not it has a permanent or fixed place of business in this state, and who: (a) Manufactures, produces, imports, provides, or distributes a product or service for sale;

---

discussed more fully herein, the caselaw shows this relief need not be pleaded separately and that the statutory damages follow from a general verdict on the breach of contract claim.

(b) Contracts with a sales representative to solicit orders for the product or service; and (c) Compensates the sales representative, in whole or in part, by commission.  A sales representative is a person who "contracts with a principal to solicit orders and who is compensated … by commission, but shall not include a person … who places orders or purchases for its own account for resale."

Under the statutory language as it existed in 2005 (and continues to exist today), Dickey was a sales representative and Trim Fit was a principal.  The evidence at trial indisputably established that Dickey had a contract with Trim Fit to solicit orders and was compensated wholly by commission.  Moreover, the testimony from Voss, president of Trim Fit, established that Trim Fit was a principal under the statute.  Voss testified that Trim Fit manufactures an I-Block at its facility in Missouri.  It was also established at trial that Trim Fit contracts with sales representatives (at least Dickey and subsequently with others) to solicit orders for its products.  The evidence was undisputed that Dickey was paid by commission.  Accordingly, the evidence at trial indisputably established that Missouri's Sales Commission statute applied to the parties' relationship.

    **2.**    **The Statute Prior To The 2005 Amendment.**

Even if, for some reason, the prior version of the statute controls, as the Court will recall, the only "prejudice" advanced by Trim Fit in opposition to permitting this claim in the case was Trim Fit's contention that the statutory definition of "wholesale" sales was a fact issue about which Trim Fit had not had the opportunity to conduct any discovery.[2]  The Missouri Court of Appeals, however, has expressly held that the definition of "wholesale" in the prior version of

---

[2] As discussed above, the wholesale/retail distinction is not even applicable to the present case, given the legislature's 2005 amendment to remove the word "wholesale" from the statute.

Moreover, as shown by his testimony, Voss needed no additional discovery to characterize Trim Fit's sales.  They were, after all, Trim Fit's sales and he is Trim Fit's president.

the sales commission statute is for the Court to determine as a matter of statutory interpretation. See Hoffman v. Van Pak Corp., 16 S.W.3d 684 (Mo. Ct. App. 2000).

In fact, the court in Hoffman defined the term "wholesale" as used in the prior version of the statute and, consistent with the evidence adduced at the trial of this matter, Trim Fit's sales constituted wholesale sales under its definition. In analyzing the statute's definitions, the court held: "When not defined in the statute in which those words were used: "Retail means 'a sale in small quantity or direct to the consumer, as distinguished from the word wholesale meaning a sale in large quantity to one who intends to resell.'" Id. at 688. Voss' testimony at trial was consistent with this definition of wholesale. Voss testified that Trim Fit's sales were made by the "truckload" during 2005, though later in 2006 it may have made some smaller, retail sales. Certainly sales by the truckload constitute a "large quantity" rather than a retail sale of small quantities direct to consumers. Ultimately, the court in Hoffman held the statute was inapplicable, because the employer in that case custom-manufactured small quantities of machinery for end users. Id. That ultimate holding is distinguishable from the present case, where the testimony at trial was clear that Trim Fit manufactured only two products, which were sold by the truckload to companies that resold the products to end users.

**B.     A Post-Trial Motion Is The Proper Procedure for Statutory Damages.**

The Hoffman opinion also demonstrates that, like the prejudgment interest statute, the application of the additional remedies under Missouri's Sales Commission Statute is for the court to decide, after the underlying breach of contract claim is ruled upon by the jury. In that case, the plaintiff filed suit for breach of contract, seeking actual damages for unpaid sales commissions. Following a jury verdict, the plaintiff filed a motion for prejudgment interest, attorney's fees, and damages under Section § 407.913. Id. at 687. Thus, the procedure endorsed

by the Missouri Court of Appeals in <u>Hoffman</u> was that the statutory remedies provided for in Missouri's Sale Commission Statute are treated the same as a claim for prejudgment interest.

It is well-settled that parties are not required to plead the additional remedy of prejudgment interest.  <u>See</u> <u>City of North Kansas City Mo. v. Sharp</u>, 414 F.2d 359, 369 (8th Cir. 1969) (recognizing that a claim for interest falls within a general pleading of "all proper relief"); <u>see</u> <u>also</u> <u>Call v. Heard</u>, 925 S.W.2d 840, 854 (Mo. 1996) (same, where the prayer for relief seeks "such other and further relief as this court deems just and proper under the circumstances"). Similarly, the additional remedies available under Missouri's Sales Commission statute, which automatically apply if there is an underlying breach of contract, need not be pleaded separately. To the contrary, like statutory prejudgment interest, they follow as a matter of law from the underlying breach of contract.  And, like the prayers cited in the above-referenced cases, Dickey here prayed for "such further and additional relief as this [Court] may deem just and proper."

Accordingly, Dickey's breach of contract counterclaim is sufficient to allow him to submit the issue of additional statutory damages to the Court, without having pleaded the statute as a separate cause of action.  Under Missouri's Sales Commission Statute, Dickey is entitled to an additional $45,514.14 for 2006 and $35,786.90, to date, for 2007 (the daily pro-rata amount is $124.70 and today is the 287th day of 2007) and discretionary attorneys' fees.

**III.    The Pleadings Should Be Conformed To The Evidence To Reflect A Claim Under The Missouri Sales Commission Statute.**

In the alternative, if the Court finds that the Missouri's Sales Commission Statute claim needed to be separately pleaded, Dickey moves the Court (1) to conform the pleadings to the evidence, pursuant to Fed.R.Civ.P. 15(b); (2) to permit the Missouri's Sales Commission Statute claim; and (3) to award the statutory penalty as part of the judgment on Dickey's Counterclaim. Under Rule 15(b), an issue not raised in the pleadings, but tried by express or implied consent of the parties, "shall be treated" as having been raised in the pleadings. Fed. R. Civ. Pro. 15(b).

Thus, "[s]uch amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment." Baker v. John Morrell & Co., 382 F.3d 816, 831 (8th Cir. 2004).

In Baker, the district court granted the plaintiff's motion after the jury verdict to amend the pleadings to include a state law counterpart to Title VII. Id. at 831. The Eighth Circuit held that the state law claim had been tried by implied consent, and the district court did not abuse its discretion in allowing the amendment. Id. at 831.

Dickey's claim under the Missouri Sales Commission statute was tried by consent and, therefore, an amendment to conform the pleadings to the evidence is appropriate. Assuming the statute constitutes a separate cause of action, Dickey need only establish that Trim Fit was a principal, that Trim Fit failed to timely pay commissions, and that Dickey was a sales representative. As discussed above, the freely admitted evidence at trial established that Dickey was a sales representative to whom the statute applied, that Trim Fit was a principal, and that commissions were not paid to Dickey during 2005. Trim Fit did not object to the introduction of evidence on this issue, and, as a result, consented to trial of the issue.[3]

---

[3] It does not matter that this evidence was also relevant to the breach of contract issues. The Eighth Circuit has rejected the argument that "Rule 15(b)'s consent requirement is not met where evidence that is relevant to an issue purportedly tried by consent is also relevant to an issue already in the case." IES Industries, Inc. v. United States, 349 F.3d 574, 579 (8th Cir. 2003).

## CONCLUSION

Dickey is entitled to prejudgment interest under Missouri Statute at the rate of nine percent.  Dickey is likewise entitled to statutory damages in the amount of $45,514.14 for 2006 and $35,786.90, to date, for 2007, and such other and further relief that is just and proper, including an award of attorneys fees.

Respectfully submitted,

By:  /s/ Sara E. O'Keefe
 Daniel M. O'Keefe, #83006
 Sara E. O'Keefe, #498800
 BRYAN CAVE LLP
 211 North Broadway, Suite 3600
 One Metropolitan Square
 St. Louis, Missouri  63102
 Telephone: 314-259-2000
 Facsimile: 314-259-2020
 E-mail: dmokeefe@bryancave.com
  sara.okeefe@bryancave.com

Attorneys for Defendant,

Donald O. Dickey

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2007, the foregoing was filed with the Clerk of Court electronically to be served by operation of the Court's electronic filing system upon the following:

Mitchell A. Margo
Curtis, Heinz, Garrett & O'Keefe, P.C.
St. Louis, Missouri 63105

Attorneys for Plaintiff.

 /s/ Sara E. O'Keefe