IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRIM FIT, LLC, and JOSEPH E. VOSS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Cause No. 4:06-CV-0049 (CEJ) |
| DONALD O. DICKEY, | ) ) |
| Defendants. | ) ) |

**PLAINTIFF TRIM FIT, LLC'S RESPONSE TO DEFENDANT'S POST-TRIAL MOTION FOR PREJUDGMENT INTEREST AND POST-TRIAL MOTION TO AMEND HIS COUNTERCLAIM**

Comes now plaintiff, Trim Fit, LLC, and for its Response to the Motion for Prejudgment Interest and Renewed Motion to Amend his Counterclaim filed by Defendant Donald O. Dickey herein, states as follows:

**I.   DEFENDANT IS NOT ENTITLED TO PREJUDGMENT INTEREST ON AN UNLIQUIDATED CLAIM**

Defendant Dickey seeks an award of prejudgment interest on the verdict, but the language of Section 408.020 RSMo. and the cases interpreting it make it clear that prejudgment interest should not be allowed on unliquidated claims. Section 408.020 states that "a creditor shall be allowed to receive interest at the rate of 9% per annum, when no other rate is agreed upon, for all monies after they become due and payable, on written contracts."

Defendant Dickey was not a creditor of Plaintiff Trim Fit. At best, the evidence showed that there was no agreement as to what commission arrangements were in 2005 and the parties never reached agreement on contractual arrangements after the first year of the contract. Parties are only entitled to prejudgment interest when the damages are liquidated. If the amount of damages was unclear and the claim was unliquidated, a

1

person is not entitled to prejudgment interest under this statute. <u>H & B Masonry Co., Inc. v. Davis</u>, 32 SW3d 120, 125 (Mo. App. E.D. 2000). In this case, Trim Fit contended that no agreement had been reached and further that Defendant Dickey had started competing with Trim Fit (unbeknownst to the company) sometime in the summer of 2005. See also <u>Universal Power Systems, Inc. v. Godfather's Pizza, Inc.</u>, 818 F2d 667 (8th Cir. 1987). Other cases recognizing that as a general rule interest is not recoverable on unliquidated demands include <u>Bolivar Insulation Co. v. R. Logsdon Builders, Inc.</u>, 929 SW2d 332 (Mo. App. S.D. 1996) and <u>Wulfing v. Kansas City Southern Industries, Inc.</u>, 842 SW2d 133 (Mo. App. W.D. 1992).

## II.   THE JURY VERDICT CONSIDERED PREJUDGMENT INTEREST

The jury was entitled under the jury instructions to award Defendant Dickey such amount as the jury believed fairly and justly compensated Defendant Dickey for loss of commissions, and presumably did, under the verdict entered in this case. Defendant Dickey should not be allowed to double his interest claim. The awarding of interest was a hotly contested issue before the jury at the time of trial.

## III.  DEFENDANT CANNOT BE ALLOWED TO AMEND HIS COUNTER-CLAIM TO PLEAD A NEW STATUTORY CAUSE OF ACTION AFTER THE JURY VERDICT

Defendant continues to attempt to amend his counterclaim to allege a new statutory cause of action. Defendant Dickey tries to assert an entirely new cause of action under Section 407.911 RSMo. *et seq.* which has never been the subject of discovery or trial preparation. The Court properly denied the attempt to amend on the day of trial.

Defendant attempted to allege a cause of action under a statute that has been in effect since 1989. Defendant has still never explained why he waited nearly two years to first assert the benefit of the statute, especially when Defendant went to great lengths to

2

invent arguments why Defendant Dickey should not have to pay a clear and unambiguous Promissory Note for money that Plaintiff Voss admittedly loaned to Defendant. The belated injection of said statute would have unfairly prejudiced Plaintiff Trim Fit which had not engaged in any discovery or trial preparation with regard to said cause of action. The cause of action is not merely an additional remedy, but is an entirely new cause of action. It applies only under certain specific circumstances, which were never the subject of discovery or trial preparation, and assuming *arguendo* that it does apply, it is not just compensatory, it is punitive.

Defendant contends that Plaintiff's only objection to injecting the new cause of action into the case at the last moment was the issue of whether the statute applied since the sales at issue were not wholesale sales. This is not correct. There were many other issues involved in the Court's correct decision to deny leave to amend, such as:

1. Whether the sales in this case fall under the definition of a "Commission" in section 407.911. The Statute defines commission as compensation accruing to a salesman expressed as a percentage of the salesman's orders or sales. The evidence in this case showed that Mr. Dickey's first year compensation arrangement included a percentage on all company sales plus a percentage of the profits. The compensation was not merely commissions on Mr. Dickey's sales. It is inconceivable that the Missouri General Assembly intended to punish a company by giving a salesman continuing commissions on sales not made by the salesman. This would allow Dickey to continue to get paid on company sales that he did not make while Voss got nothing since the company was losing money. This would be an absurd result that is not supported by the statutory language. This definition of commissions shows that Dickey was not entitled to continuing commissions even if he had properly and timely raised the issue.

3

2. Whether Defendant qualified as a sales representative under Section 407.911 RSMo, which defines a sales representative as "a person who contracts with a principal to solicit wholesale orders" and whether Trim Fit qualified as a principal, which is defined as someone who "manufactures, produces, imports or distributes a product for wholesale." Defendant solicited <u>retail</u> orders to the actual end user, manufacturers, who incorporated the I-blocks into trusses which were then sold to the consumer and not <u>wholesale</u> orders to those who resold to the ultimate consumer. *Hoffman v. Van Pak Corporation*, 16 SW3d 684 (Mo. App. E.D. 2000), cited by defendants, is almost identical to the situation in Trim Fit. The Court there held that the sales representative statute did not apply to salesman who did not sell wholesale (which by definition is a sale to one who intends to resell the I-blocks) and that the company was not a principal since it did not sell wholesale. The *Hoffman* decision has been followed in cases such as *Zauder Associates, Inc. v. C & J Industries, Inc.*, 378 F. Supp.2d 682 (D.S.C. 2005)(interpreting an almost identical South Carolina statute).

Defendant's memorandum focuses primarily on the size of the order and not whether it was to the end user. Defendant's memorandum states that Trim Fit sold to companies that resold to the end user. This is just blatantly false! Trim Fit sold to manufacturers who used the I-block to attach to their own trusses, and sold the trusses with attached I-blocks at a greatly increased price.

3. Whether Defendant would be entitled to use the statute on orders "for his own account". The evidence showed that one of the largest customers, Gator Joist, was in significant part owned by Defendant Dickey.

4. Whether the 2005 amendments in Senate Bill 211 apply retrospectively to this cause of action and whether such an application is constitutional under Article I,

4

Section 13 of the Missouri Constitution which forbids retrospective laws, and under the Fifth and Fourteenth Amendments to the United States Constitution.

   5. Whether the statute would apply to Defendant Dickey who contended that he was never terminated under the independent contractor agreement.  In the case of *McKay v. Wil-tel Communications Systems, Inc.,* 87 F3d 970, 975 (8th Cir. 1996), the Court concluded that this same statute does not apply to someone who was never terminated.  In this case, there was evidence that Defendant Dickey voluntarily started working for a competing company sometime in the Summer of 2005, when he outwardly and constructively quit working for plaintiff.  There was considerable evidence that Defendant Dickey quit at the trade show in Wisconsin in the early Fall of 2005.  The statutory word "terminated," relied upon by the Eighth Circuit in the *McKay* case, was not eliminated or amended by the 2005 amendments.

   6. Whether the penalties can constitutionally be applied in this case since Section  417.913 RSMo. 2004 provides for a penalty in an additional amount "as if the sales representative were still earning commissions calculated on an annualized prorata basis from the date of termination to the date of payment".  The term "annualized prorata basis" has no substantive meaning under the facts of this case and is therefore void for vagueness or constitutes excessive punishment under substantive due process standards of Article I, Section 10 of the Missouri Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

   7. Whether the Missouri statute applies to sales in Arkansas where Defendant has been operating.

This is not a situation where new facts were brought to light. Defendant simply asserts that in preparing for trial "counsel for Dickey realized" that Dickey had not asserted this claim.

### IV.  THE UNPLEADED STATUTE WAS NOT TRIED BY EXPRESS OR IMPLIED CONSENT AND EVEN IF IT WERE PLAINTIFF TRIM FIT WOULD BE ENTITLED TO JUDGMENT AS A MATTER OF LAW

Perhaps realizing the futility of his argument, Defendant finally implores that the Missouri statute was tried by express or implicit consent of the parties. Nothing could be further from the truth. Trim Fit filed a written response and objection to the attempted amendment and the Court patiently listened to oral arguments at length before concluding that Trim Fit's objections to the amendment on the day of trial were well-taken. No other evidence or argument was made that the statute applied. The contention that the issue was tried by consent was and is preposterous. If Defendant truly thought the evidence was tried by consent, he should have made such a motion to amend before the evidence closed and the case was sent to the jury. Likewise, he should have asked for a jury instruction on the Statute. He did not. At least then the court would have had an opportunity to consider such a motion within the context of the trial. If the court had ruled in favor of Defendant, the Plaintiff Trim Fit would at least have been able to marshall whatever evidence it could find at such late date to rebut Defendant's statutory claim. This theory of trial by consent is obviously merely an afterthought by Defendant. Furthermore, even if the facts involved in the statute had been tried by consent, Plaintiff Trim Fit would be entitled to judgment as a matter of law for the reasons stated in the previous Section III of this Memorandum.

Defendant Dickey is also inaccurate in contending that a post-trial motion is proper procedure. In the <u>Hoffman</u> case, *supra*, the parties stipulated to consider the claims post-trial. No such stipulation was entered into by Trim Fit or Dickey.

6

For the foregoing reasons, Plaintiff respectfully prays that this Court deny Defendant's Motion for Prejudgment Interest and post-trial motion to amend his counterclaim.

Respectfully submitted,

CURTIS, HEINZ,
GARRETT & O'KEEFE, P.C.

/s/ Kenneth J. Heinz
Kenneth J. Heinz, #3363
Mitchell A. Margo #3742
130 S. Bemiston, Ste. 200
St. Louis MO 63105
(314) 725-8788
(314) 725-8789 (facsimile)
kheinz@lawfirmemail.com

Attorneys for Plaintiffs Trim Fit, LLC
and Joseph E. Voss

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that this 18th day of October, 2007 he has served a copy of the foregoing on the defendant by filing the same with the Court's electronic filing service, which will forward a copy to Defendant's counsel.

/s/ Kenneth J. Heinz